## Assets Realization Company v. Defrees, Brace & Ritter.

### Gen. No. 12,470.

1. HOMESTEAD LOAN ASSOCIATION—*what does not destroy power of, to employ counsel.* The impounding of the assets of a homestead loan association, or the appointment of a receiver therefor, does not strip such association of the power to employ counsel to defend its interests.

2. CLAIM—*when excessive allowance of, cannot be complained of.* The allowance of a claim in excess of the amount set up in the petition seeking such allowance, cannot be complained of where the objection upon such account is first raised upon review.

Petition for allowance of solicitors' fees. Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed June 12, 1906.

**Statement by the Court.** In March, 1901, the assets of the Mechanics and Traders Savings, Loan and Building Association of Chicago were sold to plaintiff in error under a decree of the Circuit Court, in and by which the receivers of said association were directed to accept a certain bid or proposition made by the said plaintiff for the purchase of the entire assets of the association. Subsequent to this order and the sale thereunder the defendants in error filed a petition in the cause then still pending in the Circuit Court, alleging that August 12, 1897, they had been employed by the board of directors of said loan and building association as the attorneys of said association to counsel it, look after its affairs and protect its interests, and that pursuant to such employment, they rendered services to said association in its defense in that litigation which resulted in the entry of a final decree December 27, 1897, dissolving said association and appointing permanent receivers to wind up its affairs and distribute its assets. The character of the services so rendered and their alleged reasonable value is set forth in the petition.

The Circuit Court allowed the defendants' claim, finding $3,725 to be due for services and $533.67 for disbursements.

S. W. SWABEY, for plaintiff in error.

JOHN G. CAMPBELL, for defendants in error; DEFREES, BRACE & RITTER, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is insisted in behalf of plaintiff in error that upon the appointment of receivers for the Mechanics and Traders Savings, Loan and Building Association, and the issuing of the injunction inhibiting its officers from carrying on business, the title to its assets became vested in the receivers, the powers and functions of the corporation ceased and all contracts and proceedings afterwards made by its officers were illegal and void. This is in effect claiming that the appointment of a temporary receiver deprived the association of all power to incur any liability for its own defense. Granting that the intention of the statute is to give the auditor of public accounts supervisory power over homestead loan associations, and that he may arbitrarily appoint a custodian and impound the assets, such procedure could not, nor could the appointment by court of a temporary receiver, nor issuance of a temporary injunction restraining the conduct of its business, prevent the corporation from employing counsel for its own defense. The auditor exercises his power subject to the control of the courts, and the Constitution forbids that any person shall be deprived of life, liberty or property without due process of law.

It is argued that the defendants were not employed by the association in its corporate capacity, but by a committee claiming to represent a faction of the stockholders. This statement we do not regard as warranted by the evidence. The defendants were appointed by a board of directors apparently having authority so to do. After the final decree of dissolution, which provided for the filing of claims against the association, the claim of defendants in error was duly filed with the receivers, and has been allowed by the Circuit Court. At the time when the services in controversy were rendered plaintiff in error had no interest in the proceedings nor in the assets of the association. Its

purchase of assets was made afterwards. The liability of the association to defendants in error had already accrued. By the bid made by the latter, in accordance with the terms of which it purchased the assets, it agreed " to pay in full the general creditors of the estate such claims against the estate as may be allowed by the court." We discover no sufficient reason why plaintiff in error should not be held to comply with the terms of its own bid under which it acquired all the assets of the debtor association, and pay this claim as well as others so allowed by the court. There is evidence apparently uncontradicted tending to show that the amount allowed was reasonable compensation for the services rendered.

It is said that the amount allowed exceeds that claimed in the petition. There was evidence tending to show that defendants in error had disbursed $120 more than is shown in their original petition. There seems to have been no objection to the introduction of this evidence, and it is too late to raise the objection here for the first time. Had it been made in apt time, it might have been obviated by amendment.

Finding no error in the record, the judgment of the Circuit Court will be affirmed.

*Affirmed.*